# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    **Plaintiff,**

    v.                                        CASE NO. 18-3285-SAC

DONALD RATZ, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. On January 15, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until February 4, 2019, in which to show good cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated in the MOSC. Plaintiff was also granted until February 4, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies set forth in the MOSC. Plaintiff has failed to respond to the MOSC.

In the MOSC, the Court noted that Plaintiff was transferred to a halfway house, rendering his request for injunctive relief moot. The Court also noted that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Court also found that Plaintiff presents no plausible basis for a claim of

1

punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

The Court also found that Plaintiff failed to allege adequate facts to support a claim of retaliation. Plaintiff's claims of retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. The Court also found that Plaintiff's complaint regarding the conditions of his confinement at USPL fails to state a claim of cruel and unusual punishment. Plaintiff alleges no facts showing that Defendants "both knew of and disregarded an excessive risk to [his] health or safety." Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by Defendants.

The Court also found that Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus. Moreover, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint." Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 8th day of February, 2019.**

<pre>
                              s/ Sam A. Crow
                              Sam A. Crow
                              U.S. Senior District Judge
</pre>